McKinney, J.,
delivered the opinion of the Court.
On the 5th of February, 1842, the complainant, Jane Henderson, and her husband, John Henderson, now deceased, together with the other complainant, Elizabeth Benson, joined in the execution of a deed of trust, by which a tract of land of one hundred acres, lying in Sullivan County, was conveyed to a trustee, for the purpose of indemnifying one John S. Gaines, as the surety of said John Henderson, in two notes, for upwards of $300.
The land was sold by the trustee, on the 15th of August, 1851, and was purchased by said John S. Gaines, who sold and conveyed the same to the defendants, Charles & Orville Rice, on the 22d of Nov., 1853.
The privy examination of Jane Henderson, touching her execution of said deed of trust, was taken by a *225 Commissioner, appointed pursuant to the Act of 1888, ch. 92, sec. 2, and the first question to be considered, is the sufficiency of the Commissioner’s certificate.
The statement in the certificate is, “that the said Jane Henderson acknowledged the same” (the deed of trust) to be her act and deed, and declared that she had loillingly signed, sealed and delivered the same, and that she wished not to retract it.
By comparing this statement with the form prescribed in the Act of 1833, it will be seen that it is fatally defective. The essential fact required to be certified, that the feme covert executed the deed ‘ freely, voluntarily loithout compulsion, constraint, or coercion, by her husband,” is wholly omitted.
The certificate is simply 'a nullity, and the deed, as regards Mrs. Henderson, can have no legal effect whatever.
The ingenious argument, that the certificate implies all that is demanded by the prescribed form contained in the Statute, is altogether fallacious. A set form being prescribed, all implication, as to every material fact made necessary by the law, is entirely excluded.
All that is certified, may, in some sense, be true: that is, the feme may have signed and sealed the deed “willingly,” and yet the consent of the will may have been superinduced by improper constraint or coercion.
So far, therefore, as Mrs. Henderson’s interest in the land is concerned, it remains in her, wholly unaffected by the deed of trust.
The next question is, whether the deed of trust is binding on Elizabeth Beeson. It is assumed that it is *226 not, on the ground of want of consideration, as to her. This objection is not tenable. She was sui juris, and having voluntarily chosen to place herself in the attitude of a surety for Henderson, to Gaines, the consideration to her principal, was a sufficient consideration to bind her.
Again, the contract is an executed one; and even if the conveyance was purely voluntary, she cannot, in the attitude of complainant, in the absence of fraud, or other ground of equity, invoke the active interference of a Court of Chancery to set aside the conveyance.
Whether or not, the other party, upon the assumption of want of consideration, would be aided in enforcing the conveyance, we need not stop to inquire.
The decree, as to Mrs. Henderson, is erroneous, and will be modified thus far.